JOSEPH VON HATTEN, Plaintiff, *v.* LOUISA SCHOLL and Others, Defendants.

REBECCA FELDMAN, Appellant.

*Foreclosure sale — a description of a defendant by his surname alone is a remedial defect — a purchaser may require that the defect be remedied before he accepts the title.*

A purchaser at a foreclosure sale will not be relieved from his purchase simply because a defendant in the foreclosure suit, who was a monthly tenant of the premises in question, was described, in the summons and in other papers in that action, by his surname only, but the purchaser has a right to demand that this defect be cured by amendment, and that the amendment be made before he takes title.

APPEAL by Rebecca Feldman, the purchaser at the foreclosure sale in the action, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of September, 1895, directing her to complete her purchase and pay the balance of the purchase money and the costs of the motion to the sheriff of Kings county, within ten days from the service upon her attorney of said order.

*Lewis Hurst*, for the purchaser and appellant.

*Edwin C. Schaffer*, for the plaintiff and respondent.

WILLARD BARTLETT, J. :

One of the defendants in the foreclosure suit was named in the summons and other papers simply as Kaul, with a blank before that name. The plaintiff did not add any description identifying the person intended, as permitted by section 451 of the Code of Civil Procedure, or designate this defendant by a fictitious name so far as his Christian name was concerned. The purchaser insists that these defects render the judgment void, and hence that she is entitled to be relieved from her purchase.

We think the omissions did not invalidate the judgment if the defendant intended was actually served. In that event they were only irregularities curable by amendment. Such is the clear weight of authority. (*Weil* v. *Martin*, 24 Hun, 645 ; *Grant* v. *Birdsall*, 2 Civ. Proc. Rep. 422.)

Before taking the title, however, the purchaser has the right to demand that the requisite amendment be made. This cannot be done upon the affidavit of Karl Kaul, which was read in the court below in opposition to her motion. In that affidavit the affiant states that he was duly personally served with the summons and a copy of the complaint in this action more than twenty days before the application for judgment ; that his only interest in the premises involved herein was as a monthly tenant ; that he has never appeared in the suit, has no defense and waives any and all objection to the judgment. He does not say, however, and there is no proof, that he is the defendant Kaul mentioned in the summons and complaint with a blank before his name. If the plaintiff shall supply proof of

this fact and procure the judgment to be amended accordingly, the appellant must complete the purchase.

The order appealed from should be reversed, unless the plaintiff procures an amendment of the foreclosure judgment so as to cure the irregularity growing out of the insufficient designation of the defendant Kaul. The purchaser should also have the costs of this appeal.

All concurred, except CULLEN, J., not sitting.

Order reversed, with ten dollars costs, unless within twenty days the plaintiff causes the judgment to be amended by the insertion of the name of Karl Kaul as defendant. If the judgment is so amended then the order is affirmed, with ten dollars costs to the appellant.